**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1622

AYABA JOHNSON,

            Petitioner,

      v.

MICHAEL B. MUKASEY, Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-193-302)

Submitted: February 21, 2008      Decided:  April 7, 2008

Before MICHAEL and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Joseph M. Kum, AMITY, KUM & SULEMAN, P.A., Greenbelt, Maryland, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Jem C. Sponzo, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ayaba Johnson, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals adopting and affirming the immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Johnson first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Johnson fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Johnson's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [2000]." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Johnson fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Johnson fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). We find that Johnson failed to make the requisite showing before the immigration court.

Finally, Johnson claims that errors in transcription and translation violated her right to a full and fair hearing under the Due Process Clause. As Johnson fails to establish that her rights were "transgressed in such a way as is likely to impact the results of the proceeding," Rusu v. INS, 296 F.3d 316, 320-21 (4th Cir. 2002) (quoting Jacinto v. INS, 208 F.3d 725, 728 (9th Cir. 2000)), we find that she is not entitled to relief on this claim.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED